**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| PAUL TATE, | CASE NO. 4:25-CV-01365 |
| Petitioner, | |
| | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| | MAGISTRATE JUDGE AMANDA M. KNAPP |
| WARDEN IAN HEALY, | |
| Respondent. | **REPORT AND RECOMMENDATION** |

Pending before the Court is Petitioner Paul Tate's petition for writ of habeas corpus under 28 U.S.C. § 2241 filed on June 26, 2025, alleging that the Federal Bureau of Prisons ("BOP") was not executing his sentence properly.[1]  (ECF Doc. 1, ECF Doc. 2 ("Petition").)  For the reasons explained the undersigned recommends **DISMISSAL** of Mr. Tate's Petition **WITHOUT PREJUDICE**.

### I.     Background

Respondent filed a Motion to Dismiss on August 13, 2025, seeking to dismiss the Petition as moot under Fed. R. Civ. P. 12(b)(1), arguing there was "no longer a live case or controversy for this Court to address" as "Respondent has provided Petitioner with the relief requested in the Petition" and the Court "lacks subject matter jurisdiction[.]"  (ECF Doc. 5-1, p. 1.)  Petitioner

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).  Mr. Tate states he placed the Petition in the prison mailing system on June 26, 2025.  (ECF Doc. 1, p. 9.)  The Petition was docketed on June 30, 2025.  (ECF Doc. 1.)

opposed the Motion to Dismiss, asserting that he was approached by a BOP official after the Motion to Dismiss was filed, and was informed that the BOP still intended to declare him FSA ineligible and remove his earned time credits.  (ECF Doc. 7.)  He later filed supplemental exhibits showing that the BOP had in fact removed his FSA time.  (ECF Doc. 8.)

Thereafter, on September 10, 2025, Respondent filed a Motion to Withdraw Motion to Dismiss.  (ECF Doc. 9.)  Respondent sought to withdraw the Motion to Dismiss after receiving new information which indicated that Mr. Tate was not eligible to earn FTCs because he was convicted of a precluding offense under 18 U.S.C. § 3632(d)(4)(D)(lxvi).  (ECF Doc. 9.)  Accordingly, Respondent asserted that Mr. Tate's initial basis for seeking to dismiss the Petition was no longer accurate.  (*Id*.)  Respondent contemporaneously filed a Motion for Leave to File a Traverse[2] and Motion for Summary Judgment Instanter (ECF Doc. 10) arguing that Mr. Tate was not statutorily eligible to earn FTCs because he "is serving a term of imprisonment for violating an applicable section of the Controlled Substance Act" (ECF Doc. 10-2, p. 3).  Petitioner did not respond to the two motions.

On December 22, 2025, the Court granted Respondent's Motion to Withdraw Motion to Dismiss (ECF Doc. 9) and the Motion to Dismiss (ECF Doc. 5) was withdrawn.  (ECF Doc. 13.)  The Court found Respondent's Motion for Leave to File a Traverse and Motion for Summary Judgment Instanter (ECF Doc. 10) premature because the Petition challenged the BOP's denial of FTCs based on Mr. Tate's alleged refusal to participate in FSA programming (ECF Doc. 1, ECF Doc. 2), an issue for which Mr. Tate asserted he had exhausted his administrative remedies (ECF Doc. 2, p. 2).  But the proposed motion by the BOP indicated it was now denying the FTCs for an entirely different reason, i.e., because Mr. Tate was convicted of a precluding offense

---

[2] The Court notes that the proper term for Respondent's pleading in response to the Petition is "Answer."  (ECF Doc. 4.)  The Traverse would be filed by Petitioner in reply to the Answer.  (*Id.*)

(ECF Doc. 9).  Since the BOP's changed reasoning was not addressed in the Petition, and it remained unclear whether Mr. Tate had had an opportunity to address the new grounds for denial via appropriate administrative proceedings, Respondent's Motion for Leave to File a Traverse and Motion for Summary Judgment Instanter (ECF Doc. 10) was denied without prejudice. (ECF Doc. 13.)

The Court permitted Petitioner to file the following within 30 days of its December 22, 2025 Order: (1) a motion to amend the Petition to set forth any new grounds for relief based on the BOP's newly stated reason for denying the FTCs; and/or (2) a motion to stay these proceedings so that Petitioner may seek to exhaust his administrative remedies in relation to the BOP's newly stated reasons for denying FTCs.  (*Id*.)  On January 12, 2026, the Court's December 22, 2025 Order that was mailed to Petitioner was returned as "not deliverable as addressed" and "unable to forward." (ECF Doc. 14.)  Based on information available to the Court through a search of the Federal Bureau of Prisons website, the Court ordered the Clerk of Court to mail its December 22, 2025 and January 13, 2026 Orders to Petitioner at a new address on January 13, 2026.  (ECF Doc. 15.)   The Court's January 13, 2026 Order warned:

> Should Mr. Tate fail to respond to the Court's December 22, 2025 Order (ECF Doc. 13) or fail to provide the Court with information regarding his new address, his Petition may be dismissed for failure to prosecute.

(*Id*. (emphasis removed).)  Additionally, Respondent was ordered to advise this Court whether Respondent had additional information regarding Mr. Tate's current whereabouts or mailing address.  (*Id*.)  On January 14, 2026, Respondent filed a notice providing its most recent mailing address for Petitioner.  (ECF Doc. 16.)  The Clerk of Court was thereafter ordered to mail copies of the Court's December 22, 2025 and January 13, 2026 Orders to the new address provided by Respondent in its notice.  (*See* January 15, 2026 Non-Document Order.)  The docket reflects that

3

the Orders were mailed to both addresses as ordered and none of the mailings were returned as undeliverable.

## II.     Law and Analysis

A federal district court retains authority under Federal Rule of Civil Procedure 41(b) to dismiss a case with prejudice due to a failure to prosecute.  *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962); *see also Ewell v. Warden, FCI Elkton*, No. 4:22-CV-1675, 2023 WL 3162025, at *2 (N.D. Ohio Apr. 11, 2023) ("The Court has inherent authority to dismiss a case for failure to prosecute, as well as authority for involuntarily dismissal pursuant to Federal Rule of Civil Procedure 41(b).") (citing *Link*, 370 U.S. at 629-32), *report and recommendation adopted*, No. 4:22-CV-1675, 2023 WL 3159796 (N.D. Ohio Apr. 28, 2023).  The Sixth Circuit has identified four factors to guide a court when determining whether a case should be dismissed for failure to prosecute under Rule 41(b).  *See Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). The four factors are:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.*  Here, the record reflects that Mr. Tate: has not participated in this action since September 4, 2025, when he filed supplemental exhibits in response to Respondent's motion to dismiss (ECF Doc. 8); has failed to respond to Respondent's Motion to Withdraw (ECF Doc. 9) and Motion for Leave to File Traverse and Motion for Summary Judgment (ECF Doc. 10); has failed to respond to the Court's December 22, 2025 Order; has not informed this Court of a new or current mailing address; and has not sought additional time to respond to the Court's December 22, 2025 Order. Given this record, the undersigned finds that the first factor weighs in favor of dismissal for failure to prosecute.  As to the second factor, Respondent has suffered prejudice in that he has

4

been required to continue to defend this case notwithstanding the noted lack of participation by

Petitioner.  As to the third factor, Mr. Tate has been warned that failure to participate in these

proceedings could result in dismissal.  Accordingly, the undersigned finds that second and third

factors weigh in favor of dismissal for failure to prosecute.  Finally, as to the fourth factor, the

undersigned concludes that there is no less drastic measure than dismissal given Mr. Tate's

failure to actively participate and prosecute his case.  But given Petitioner's pro se status, the

undersigned recommends the least drastic form of dismissal—dismissal *without* prejudice—

rather than dismissal with prejudice.  *See Link*, 370 U.S. at 629 (indicating that courts have the

authority under Federal Rule Civil Procedure 41(b) to dismiss the action with prejudice).

### III.    Recommendation

For the reasons explained, the undersigned recommends **DISMISSAL** of Mr. Tate's

Petition **WITHOUT PREJUDICE**.


May 29, 2026


/s/ *Amanda M. Knapp*
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE



### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).